UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EDWARD CABLE

v.                                                    C.A. NO. 09-439 ML

A.T. WALL ET AL.

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff, *pro se*, is an inmate at the Adult Correctional Institutions ("ACI") in Cranston, Rhode Island. He filed the complaint in the instant action alleging defendants violated his civil rights (Docket # 1). Presently before the Court is a motion for class certification (Dockets # 18). Defendants have objected to the motion for class certification (Docket # 19). This matters has been referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, I recommend that the motion be DENIED without prejudice.

## DISCUSSION

Rule 23(a) of the Federal Rules of Civil Procedure ("Rule 23(a)") requires that parties seeking class certification demonstrate: (1) the class is so numerous that joinder of all parties is impracticable; (2) the controlling questions of law or fact must be common to the class; (3) the claims and defenses of the representative parties are typical of those of the class; and (4) the representative party or parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a). The burden is on the parties seeking class certification to establish their right to do so. *See Smilow v. Southwestern Bell Mobile Systems, Inc.*, 323 F.3d 32, 38 (1st Cir. 2003).

Plaintiff has not met the burden of establishing the right for class certification. First, plaintiff does not describe the purported class nor identify the issues that are common among the class members. Instead, plaintiff simply states the plaintiff class meets the requirements for class certification set forth in Rule 23 (a).

Second, non-attorney plaintiffs appearing *pro se*, as is the case here, may not adequately represent and protect the interests of a class. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)(holding that class representatives cannot appear *pro se*); *McGrew v.*

*Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 162 (5th Cir. 1995)(stating that "because [the plaintiff] is proceeding *pro se* and his own complaint failed to state a cause of action, his ability to serve as an adequate representative of the class is dubious"); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)(denying certification of a class with a *pro se* representative because "the competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others"); *Avery v. Powell*, 695 F.Supp. 632, 643 (D.N.H. 1988)(denying class certification because "[a] *pro se* plaintiff may not possess the knowledge and experience necessary to protect the interests of the class as required by Rule 23(a)(4)").

Accordingly, I recommend that plaintiff's instant motion for class certification be **DENIED** without prejudice.

## CONCLUSION

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed.R.Civ.P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986) (*per curiam*); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
June 29, 2010