UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EDWARD CABLE

v.  C.A. NO. 09-439 ML

A.T. WALL ET AL.

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

On September 18, 2009, Edward Cable ("Plaintiff"), *pro se*, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed a complaint pursuant to 42 U.S.C. § 1983 against various ACI administrators and correctional officers ("Defendants") complaining about the conditions of his confinement (the "Complaint") (Docket # 1).

Presently before the Court is Defendants' Motion for Summary Judgment ("Summary Judgment Motion" or "SJM") pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendants urge that Plaintiff failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e (Docket # 15). Plaintiff has objected to this motion ("Plaintiff's Obj.") (Docket # 21). This motion has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). As discussed below, I recommend that Defendants' Summary Judgment Motion be granted.

## BACKGROUND

### I. Plaintiff's Claims

As Plaintiff is a prisoner who is proceeding *In Forma Pauperis* in this action, the Court screened the Complaint pursuant to 28 USC 1915(e) and 1915A. Two claims survived the screening (the "Two Remaining Claims"). First, Plaintiff alleges that Defendant Correctional Officer Leach used excessive force against him in violation of the Eighth Amendment. Specifically, he urges that, in March 2009, after he and another inmate ended a fight and were on the ground with their hands behind their backs, Defendant Leach sprayed pepper spray in Plaintiff's face until the can was empty. Second, Plaintiff complains that Defendants Deputy Wardens Auger and Kettle denied him religious books (Islamic reading studies) that he had ordered based on their religious content, in violation of the First Amendment.

1

## II. Grievance Form Filings

Defendants urge that Plaintiff failed to exhaust the administrative remedies available to him at the ACI under the Rhode Island Department of Corrections ("RIDOC") Grievance Policy with respect to either of the Two Remaining Claims, as required by the PLRA. Specifically, Defendants urge that Plaintiff has not filed a first or second level formal grievance form regarding either of the Two Remaining Claims, and Defendants have submitted an affidavit of RIDOC Grievance Coordinator, Robert McCutcheon, corroborating the same. *See* SJM, Affidavit of Robert McCutcheon ("McCutcheon Affidavit"), at ¶¶ 8 & 9.

Plaintiff does not dispute Defendants' assertion that he did not file grievance forms regarding the Two Remaining Claims. However, Plaintiff urges that (i) with respect to his excessive force claim against Defendant Leach, he was told that he could not file a grievance form regarding discipline, medical, or institutional policy matters and (ii) with respect to his First Amendment claims against Defendants Auger and Kettle, he was not aware that he could file a grievance regarding the decision of a deputy warden who refused to authorize the processing of a book order placed by an inmate. Plaintiff's Obj., Affidavit of Edward Cable, at ¶¶ 4 & 5.

## DISCUSSION

### I. Legal Standards

#### A. Summary Judgment Standard

When a party moves for summary judgment, the Court must determine if there is any genuine dispute regarding a material fact and whether, based on the pleadings, depositions, answers to interrogatories, admissions on file and any affidavits, the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *Thompson v. Coca-Cola Co.*, 522 F.3d 168, 175 (1st Cir. 2008). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party." *Thompson*, 522 F.3d at 175. A fact is material if it has the potential of determining the outcome. *Maymi v. Puerto Rico Ports Authority*, 515 F.3d 20, 25 (1st Cir. 2008). If any dispute regarding a material fact exists, the motion for summary judgment must fail. Fed.R.Civ.P 56(c).

In this case, Defendants' basis for summary judgment, that Plaintiff failed to exhaust his administrative remedies, is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007). Accordingly, Defendants bear the burden of proof on the issue, and must provide conclusive evidence establishing the same. *See E.E.O.C. v. Union Independiente de la Autoridad de Acueductos y Ancantarillados de P.R.*, 279 F.3d 49, 55 (1st Cir. 2002).

### B. Exhaustion of Administrative Remedies under PLRA

The PLRA amended 42 U.S.C. § 1997e to provide:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The PLRA requires "proper exhaustion" of administrative remedies, which means the plaintiff must utilize all administrative remedies provided by an agency and must comply with the agency's deadlines and other procedural rules prior to filing a federal lawsuit relating to the conditions of his or her confinement. *Woodford v. Ngo,* 548 U.S. 81, 90-91, 126 S.Ct. 2378 (2006). The purpose of the exhaustion requirement is to afford "'corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Id.* at 93 (quoting *Porter v. Nussle,* 534 U.S. 516, 525, 122 S.Ct. 983 (2002)).

### C. Rhode Island Department of Corrections' Grievance Process

RIDOC has established a three-tiered inmate grievance process, as set forth in the *RIDOC Policy and Procedure,* Policy Number 13.10 (hereinafter, the "Grievance Policy"), a copy of which is attached as an exhibit to the McCutcheon Affidavit. *See* McCutcheon Affidavit, Exh. A. The Grievance Policy requires the inmate to first seek resolution at the lowest chain of command using a RIDOC Request Form (Pink Slip), *see* Grievance Policy, at p. 6, and, as a threshold, requires the initial grievance to be filed within five days of either the incident or the inmate becoming aware of the incident, *see id.* at p. 3. Then, if the issue remains unresolved, the Grievance Policy requires the inmate to use the more formal Request for Resolution of Grievance Forms ("Formal Grievance Forms"). *Id* at pp. 6-14. First, the inmate must submit a Formal Grievance Form to the warden of his facility (the first-level formal grievance form) and then, if the inmate is not satisfied with the result, the inmate must submit another Formal Grievance Form to the Departmental Grievance Coordinator for investigation and final decision by the RIDOC Director (the second-level formal grievance form). *Id.* at pp. 7 & 11.

## II. Plaintiff's Failure to Comply With Grievance Procedure

As noted above, there is no dispute that Plaintiff did not file Formal Grievance Forms regarding the Two Remaining Claims. Instead, Plaintiff implies that his failure to exhaust the administrative remedies available to him at the ACI should be excused because he was not aware that he could submit grievance forms regarding the issues on which the Two Remaining Claims are based.

Plaintiff's contentions, however, are not persuasive. While district courts within the First Circuit, relying on cases from various other circuits, have found that prison officials (i) can be estopped from claiming a prisoner's failure to exhaust administrative remedies as an affirmative defense, *see, e.g., Parker v. Robinson*, No. 04-214, 2006 WL 2904780, at *8-11 (D.Me. 2006), or (ii) can render administrative remedies "unavailable" by preventing a prisoner from utilizing administrative remedies, *see, e.g., Perfetto v. New Hampshire State Prison, Warden*, No. 06-307, 2008 WL 943372, at *6 (D.N.H. 2008), neither estoppel nor unavailability applies here. Although Plaintiff states that he was told (by an unnamed person) that he could not file a grievance regarding matters related to discipline, medical decisions, or institutional policy, neither excessive force by a guard nor denial of a book order by a deputy warden fall within those non-grievable categories. Further, Plaintiff does not state that a prison official prevented him from filing a grievance form. Plaintiff's own unfamiliarity with the Grievance Policy does not justify his failure to comply with the Grievance Policy in order to properly exhaust his administrative remedies as required under the PLRA. *See Woodford*, 548 U.S. at 90; *see also Robinson v. Gordon*, No. 09-083, 2010 WL 1794701, at *3 (D.N.H., May 05, 2010)(denial of grievance form by guard did not justify inmate's failure to exhaust administrative remedies). Accordingly, I recommend that Defendants' Summary Judgment Motion be GRANTED.

## CONCLUSION

For the reasons set forth above, I recommend that Defendants' Summary Judgment Motion be GRANTED and that Plaintiff's Complaint be DISMISSED for failure to exhaust administrative remedies with respect to the Two Remaining Claims, as required by the PLRA. I further recommend that such dismissal be with prejudice, as the time has expired for Plaintiff to properly exhaust his administrative remedies at the ACI regarding the Two Remaining Claims.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
March 8, 2011